UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERTA LANG,

    Plaintiff,

  v.

DANIEL N. GORDON, PC,

    Defendant.

Case No. C10–819RSL

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant Daniel N. Gordon, PC. Plaintiff contends that defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Washington Collection Agency Act, RCW 19.16 *et seq.* (the "WCAA") in attempting to collect a debt plaintiff allegedly owed to defendant's client. Plaintiff further contends that by violating the WCAA, defendant also violated the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.* Defendant, a law firm, contends that it is not subject to the WCAA, so it seeks an order dismissing that claim.

For the reasons set forth below, the Court denies defendant's motion.[1]

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, defendant's request for oral argument is denied.

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM - 1

## II.  DISCUSSION

**A.   Background Facts.**

According to plaintiff's amended complaint,[2] defendant contacted her several times attempting to collect a debt allegedly owed to defendant's client.  Although plaintiff disputed the debt, defendant filed a collection action against her in King County District Court.

The two letters defendant sent to plaintiff included the statement, "This communication is from a debt collector."  Amended Complaint, Exs. A, D.  Plaintiff alleges, and defendant does not dispute, that the vast majority of defendant's work involves the collection of debts on behalf of third parties.

Plaintiff filed her complaint in this Court on May 17, 2010, and defendant subsequently filed a motion to dismiss.  After reviewing the memoranda, the Court gave the state Attorney General notice of the action and a chance to intervene because the motion implicated the constitutionality of the WCAA, as set forth below.  The Attorney General has since filed a notice declining to intervene.

**B.   Dismissal Standard and Motion to File Sur-Reply.**

Defendants have filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted.  The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true.  See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

---

[2] After defendant filed its motion to dismiss, the Court granted plaintiff's motion for leave to file an amended complaint.  At defendant's request, the Court construes this motion as if it had been filed against the amended complaint.

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM - 2

After defendant filed its reply to the motion to dismiss, plaintiff filed a motion for leave to file a sur-reply to address a decision from this district, *Motherway v. Daniel N. Gordon, PC*, Case No. C09-5605RBL (W.D. Wash. July 15, 2010), issued after plaintiff filed her response memorandum.  The Court denies the motion for leave to file a sur-reply because the Court can analyze that decision without the need for further briefing.  Furthermore, plaintiff's sur-reply appends a number of documents that are unnecessary to the resolution of this motion.  Accordingly, plaintiff's motion for leave to file a sur-reply is denied.

**C.     Analysis.**

Defendant contends that it is not subject to the WCAA because that statute regulates the conduct of collection agencies, but it is not a collection agency.  The WCAA defines "Collection agency" as "Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."  RCW 19.16.100(2)(a).  Rather than disputing the applicability of that definition, defendant asserts that the statute specifically exempts law firms from the definition by excluding, "Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: . . . lawyers . . . ."  RCW 19.16.100(3)(c).  As this Court has previously held, the statute exempts lawyers who are attempting to collect their own debts. Semper v. JBC Legal Group, Case No. C04-2240RSL (W.D. Wash. Sept. 6, 2005).  In contrast, in this case, plaintiff alleges that defendant was attempting to collect a debt owed to a third party.  Several courts in this district have held that such conduct is covered by the WCAA.  See, e.g., id.; see also Mclain v. Daniel N. Gordon, PC, Case No. C09-5362BHS (W.D. Wash. August 24, 2010) (adopting the reasoning of the *Semper* decision); Mandelas v. Daniel N. Gordon, PC, Case No. C10-0594JLR (W.D. Wash. June 28, 2010) (denying motion to dismiss because defendant was allegedly engaged in collection activities on behalf of a third party);

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM - 3

LeClair v. Suttell & Assoc., P.S., Case No. C09-1047JCC (W.D. Wash. Jan. 29, 2010).[3] In light of those cases and the plain language of the statute, plaintiff has alleged facts sufficient to show that the exemption is inapplicable.

Defendant also argues that RCW 19.16.250(5) specifically prohibits collection agencies from performing any acts "constituting the practice of law." It argues that reading that provision with the definition provision compels the conclusion that lawyers cannot be licensed collection agencies under the WCAA, so they are not subject to the WCAA. However, the fact that the WCAA exempts attorneys who engage in incidental collection efforts on their own behalf does not mean that all attorneys are exempted from the WCAA. A plain reading of the narrow exemption belies that assertion. If the legislature intended such a broad exemption, it could have included it. In fact, the WCAA also provides that it constitutes "unprofessional conduct" for certain employees of licensees to have "had his or her license to practice law suspended or revoked" under certain circumstances. RCW 19.16.120(4)(c). "This provision appears to contemplate that certain employees of licensees will, in fact, practice law." Mandelas, C10-0594JLR (W.D. Wash. June 28, 2010) at p. 8. Accordingly, defendant's reliance on that provision is unpersuasive.

Finally, defendant argues that even if the statute applies, it is unconstitutional because the legislature cannot regulate the conduct of lawyers. Defendant contends that permitting the legislature to do so would violate the separation of powers doctrine. In support of that argument, defendant cites *Hagan & Van Camp v. Kassler Escrow*, 96 Wn.2d 443 (1981), in which the court

---

[3] But see Motherway v. Daniel N. Gordon, PC, Case No. C09-5605RBL (W.D. Wash. July 15, 2010) at p. 7 (dismissing WCAA claim; noting that while defendant "specializes in debt collection legal work, it is first and foremost a law firm" so it is not a "collection agency" for purposes of the WCAA). The Court declines to follow *Motherway* because it focuses only on the nature of the business without considering the other requirement of the exemption: whether the collection activities were carried out in defendant's own name. The exemption uses the word "and" between the two requirements, signaling that both provisions must be met before the exclusion applies.

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM - 4

held that it was unconstitutional for the legislature to pass RCW 19.62 authorizing lay people to perform certain real estate transactions and thereby practice law.  The court noted that the Supreme Court is given the exclusive power to regulate the practice of law.  Hagan, 96 Wn.2d at 445.  The Supreme Court "has an exclusive, inherent power to admit, enroll, discipline, and disbar attorneys."  Short v. Demopolis, 103 Wn.2d 52, 62 (1984).  Nevertheless, the Washington Supreme Court held in *Short* that applying the CPA to attorneys was not unconstitutional.  The court noted that the "entrepreneurial aspects" of the practice of law "fall within the sphere of 'trade or commerce'" under the CPA.  Id. at 65.  Similarly, in this case, the WCAA can be constitutionally applied to attorneys who are engaged in collecting debts on behalf of third parties.  In essence, lawyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law.  Applying the WCAA and CPA to that type of conduct does not run afoul of the separation of powers doctrine.  Rather, it is no different than applying other generally applicable statutes, such as the criminal laws, to attorneys.  Accordingly, plaintiff may pursue her WCAA claim.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion to dismiss (Dkt. #4).  As set forth above, the Court denies plaintiff's motion for leave to file a sur-reply (Dkt. #9).

DATED this 6th day of January, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO DISMISS WCAA CLAIM - 5